UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**JOSSUE GUERRERO,**

    Plaintiff,

v.

**APPLE COMPUTER, INC.,** a foreign corporation,

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, JOSSUE GUERRERO ("Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendant, APPLE COMPUTER, INC. ("Defendant"), and states as follows

## JURISDICTION

1. The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a).

2. Defendant is a corporation organized and existing under the law of the State of California, which its principal place of business in the State of California.

3. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of Florida as the

unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant is a foreign corporation who transacts business in Miami-Dade County, Florida, and the incident which is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

5. Plaintiff is an individual residing in the County of Miami-Dade, State of Florida.

6. Defendant APPLE COMPUTER, INC. is a foreign corporation formed and existing under the laws of the State of California and who transacts business in Florida.

7. Defendant is in the business of manufacturing, designing, testing, assembling, supplying, selling, importing, and distributing electronics, including the "iPhone 5s cell phone" and its component parts which are the subject of this lawsuit.

## BACKGROUND

8. Plaintiff had purchased Defendant's "iPhone 5s" from T-Mobile.

9. On November 2, 2017, at approximately 12:20 p.m., Plaintiff was driving his vehicle on Interstate 95 in South Florida, with his iPhone 5s in the front left pocket of his jeans.

10. Plaintiff was the only individual in the vehicle at the above-referenced time.

11. Without any warning, Plaintiff's iPhone 5s began to heat and/or smoke and/or explode, in Plaintiff's jeans, burning through his underwear and jeans.

12. Plaintiff was in one of the middle lanes on Interstate 95 at the time of the incident.

13. Frantically, and in pain, Plaintiff simultaneous pulled out the phone from his jeans and swerved

        across at least two (2) lanes to try to get to the breakdown lane.

14. The iPhone 5s was bright red and smoke was billowing out from the bottom of the phone, when Plaintiff was finally able to remove the phone from his pocket.

15. The incident caused Plaintiff to lose control of his vehicle and he subsequently crashed into the barrier on the side of the breakdown lane.

16. Plaintiff was transported to West Kendall Baptist Hospital, where he was treated for the burns resulting from the incident.

## COUNT I
## STRICT PRODUCTS LIABILITY

17. Plaintiff, JOSSUE GUERRERO, realleges and incorporates herein the allegations contained in paragraphs 1-16.

18. Defendant is engaged in the business of selling, manufacturing, testing, designing, assembling, supplying, importing, and distributing electronics to the public, including the iPhone 5s cell phone purchased and used by Plaintiff.

19. Defendant placed the subject iPhone 5s cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspection for dangers or defects. Defendant knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond the capabilities of such persons.

20. The iPhone 5s cell phone was not reasonably fit, suitable, or safe or the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant as follows:

a. The iPhone 5s cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such the iPhone 5s cell phone had an unreasonable propensity to heat, smoke, explode, and/or catch fire, during normal and foreseeable conditions;

b. The iPhone 5s cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, fit, dangerous and defective condition, such the iPhone 5s cell phone had an unreasonable propensity to heat, smoke, explode, and/or catch fire, during normal and foreseeable conditions;

c. The iPhone 5s cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein; and

d. The iPhone 5s cell phone was defective in that its risks outweighed its utility and/or in fact a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to heat, smoke, explode, and/or catch fire.

21. As the time of the subject incident, the iPhone 5s cell phone was in the substantially same condition as when sold and distributed by Defendant.

22. For the reasons set forth above, the iPhone 5s cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Plaintiff.

23. As a direct and proximate cause of the foregoing conduct of Defendant, Plaintiff sustained serious and permanent bodily injuries resulting in pain and suffering, permanent impairment, disability, mental anguish, inconvenience, loss of the enjoyment of life, expense of medical care

and treatment, lost wages, and ability to earn wages in the past and to be experienced in the future.

WHEREFORE, Plaintiff JOSSUE GUERRERO, demands judgment against Defendant APPLE COMPUTER, INC., for the following:

a. Compensatory damages;

b. Punitive damages;

c. Interest;

d. Reasonable attorney's fees and costs; and

e. Such other relief as the Court deems just and equitable.

## COUNT II
## NEGLIGENCE

24. Plaintiff, JOSSUE GUERRERO, re-alleges and incorporates herein the allegations contained in paragraphs 1-16.

25. Defendant knew or in the exercise of due care should have known that the iPhone 5s cell phone would be used without inspection in an unreasonably fit, suitable, safe, and dangerous condition and would create a foreseeable risk of harm to users, including Plaintiff. Defendant was under a duty to properly and adequately manufacture, design, test, assemble, supply, import, distribute and/or sell the iPhone 5s cell phone in a reasonable fit, suitable, and safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Plaintiff.

26. Defendant breached the duty owed to Plaintiff by negligently selling, manufacturing, designing, testing, assembling, supplying, importing, and/or distributing the iPhone 5s cell phone when it

as not in a reasonably fit, suitable, or safe condition for foreseeable use, as follows:

   a. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the iPhone 5s cell phone in such a manner that it would not spontaneously heat, smoke, and/or catch fire;

   b. Failing to manufacture, design, test, assemble, supply, import, distribute and/or sell the iPhone 5s cell phone in such a manner that it would not spontaneously explode; and

   c. Failing to provide reasonable and adequate warnings to the suppliers, purchasers, and users of the iPhone 5s cell phone to alert users of the dangerous conditions described herein.

27. The defects described above existed at the time the iPhone 5s cell phone left Defendant's control and did not undergo substantial change.

28. Plaintiff was a foreseeable user and/or consumer.

29. The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiff in that it directly and in naturally continuous sequence, produced or sustainably contributed to his injuries.

30. As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff sustained serious and permanent bodily injuries resulting in pain and suffering, permanent impairment, disability, mental anguish, inconvenience, loss of the enjoyment of life, expense of medical care and treatment, lost wages, and ability to earn wages in the past and to be experienced in the future.

   WHEREFORE, Plaintiff JOSSUE GUERRERO, demands judgment against Defendant APPLE COMPUTER, INC., for the following:

    a. Compensatory damages;

    b. Punitive damages;

    c. Interest;

    d. Reasonable attorney's fees and costs; and

    e. Such other relief as the Court deems just and equitable.

## COUNT III
## BREACH OF IMPLIED WARRANTY

31. Plaintiff, JOSSUE GUERRERO, re-alleges and incorporates herein the allegations contained in paragraphs 1-16.

32. Defendant is engaged in the business of selling, manufacturing, testing, designing, assembling, supplying, importing, and distributing electronics to the public, including the iPhone 5s cell phone purchased and used by Plaintiff.

33. Defendant placed the subject iPhone 5s cell phone in the stream of commerce for sale through retailers with knowledge that it would be used without inspection for dangers or defects. Defendant knew or should have known that the ultimate users, operators or consumers would not or could not properly inspect these products for dangerous conditions and that the detection of such defects and dangers would be beyond the capabilities of such persons.

34. The iPhone 5s cell phone was not reasonably fit, suitable, or safe or the ultimate operators or consumers for its intended or reasonably foreseeable purposes when manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold by Defendant as follows:

    a. The iPhone 5s cell phone was manufactured, designed, tested, assembled, supplied,

      imported, distributed and/or sold in an unsafe, unsuitable, unreasonable dangerous and defective condition such the iPhone 5s cell phone had an unreasonable propensity to heat, smoke, explode, and/or catch fire, during normal and foreseeable conditions;

b. The iPhone 5s cell phone was manufactured, designed, tested, assembled, supplied, imported, distributed and/or sold in an unsafe, unsuitable, fit, dangerous and defective condition, such the iPhone 5s cell phone had an unreasonable propensity to heat, smoke, explode, and/or catch fire, during normal and foreseeable conditions;

c. The iPhone 5s cell phone was defective in its design, manufacture, and warnings, in that it failed to operate as marketed and advertised, and failed to alert users to the hazardous conditions described herein;

d. The iPhone 5s cell phone was defective due to inadequate, or the absence of, warnings or instructions, including warning stickers, placards, or proper documentation to alert users regarding the hazardous conditions described herein;

e. The iPhone 5s cell phone was defective in that its risks outweighed its utility and/or in fact a more practical, feasible, and safer alternative design existed that would have reduced or prevented the propensity of the lithium-ion battery to heat, smoke, explode, and/or catch fire.

f. The iPhone 5s was designed, developed, tested, manufactured, assembled, sold, supplied, imported, and/or distributed in a manner which breached express or implied warranties of merchantability and/or fitness for its intended purpose.

35. As the time of the subject incident, the iPhone 5s cell phone was in the substantially same condition as when it left Defendant's control.

36. For the reasons set forth above, the iPhone 5s cell phone was unreasonably fit, suitable, and safe to foreseeable users, including Plaintiff.

37. As a direct and proximate cause of the foregoing conduct of Defendant, Plaintiff sustained serious and permanent bodily injuries resulting in pain and suffering, permanent impairment, disability, mental anguish, inconvenience, loss of the enjoyment of life, expense of medical care and treatment, lost wages, and ability to earn wages in the past and to be experienced in the future.

WHEREFORE, Plaintiff JOSSUE GUERRERO, demands judgment against Defendant APPLE COMPUTER, INC., for the following:

   a. Compensatory damages;
   b. Punitive damages;
   c. Interest;
   d. Reasonable attorney's fees and costs; and
   e. Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

38. Plaintiff demands a jury trial on all issues so triable.

DATED:  June 30, 2018

        MILITZOK LAW, P.A.
*Attorney for Plaintiff*
Wells Fargo Building
4600 Sheridan Street, Suite 402
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 719-4016– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993